UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH H. REISERER, REISERER &
AGEE, LLP, by KENNETH H. REISERER, its
successor in interest,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C04-0967C

ORDER

This matter has come before the Court on Petitioners' motion to stay its May 25, 2005 Order enforcing the Internal Revenue Service's summonses pending appeal (Dkt. No. 48). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS the motion.

On May 25, 2005, this Court entered an order adopting the Report and Recommendation ("R&R") (Dkt. No. 34) issued by the Honorable Mary Alice Theiler, United States Magistrate Judge. The R&R addressed a novel question of law: whether penalties assessed pursuant to §§ 6700 and 6701 of the Internal Revenue Code abate at death. The R&R concluded that these penalties do not abate at death, and therefore that the Internal Revenue Service's investigation related to assessment of these

ORDER – 1

penalties could proceed, including the enforcement of a summons issued with respect thereto.  The R&R also concluded that enforcement of the summons would not violate any attorney-client privilege.  Petitioners have now filed a notice of appeal to the Ninth Circuit.

This Court retains jurisdiction to preserve the status quo while the appeal is pending.  *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988).  Rule 62 of the Federal Rules of Civil Procedure provides that a court "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party."  In the Ninth Circuit, "[t]he standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

In the preliminary injunction context, the moving party must demonstrate that "(1) [it] will suffer irreparable injury if the relief is denied; (2) [it] will probably prevail on the merits, (3) the balance of potential harm favors the moving party; and . . . (4) the public interest favors granting relief." *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993).  Under an alternative standard also used by the Ninth Circuit, a party moving for a preliminary injunction must show "*either* (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor." *Id*.  These latter two alternatives "are not separate tests but the outer reaches of a single continuum." *Id.* (citation omitted).  In essence, each test boils down to a careful balancing of equities in the exercise of a trial court's discretionary power to grant or deny the injunctive relief requested.  *Id.*  In both tests, the moving party must show that some possibility of hardship exists alongside some likelihood of success on the merits.  In the case at bar, the Court is satisfied that Petitioners have made an adequate showing that (1) the questions raised are serious, and (2) the balance of hardships tips in Petitioners favor.

The parties are agreed that the question of whether §§ 6700 and 6701 penalties abate at death is a novel question.  Although the R&R concluded that the penalties are remedial and not penal in nature and

ORDER – 2

thus do not abate at death, the Court finds that a reasonable jurist could come to a different conclusion. For this reason, the Court finds that the questions raised are serious.

With respect to the balance of hardships, Petitioners argue that the Internal Revenue Service has already obtained access to records which more specifically address the offshore employee leasing schemes that are the subject of the instant investigation, and which therefore also disclose the clients involved in said schemes. In light of this fact, and because there is no statute of limitations governing the assessment of penalties, *Mullikin v. United States*, 952 F.2d 920, 924 (6th Cir. 1991), the Court finds that the government would suffer little, if any hardship, resulting from a stay of enforcement.[1] In contrast, if the summons is enforced during the pendency of the appeal, Petitioners and their clients could be subjected to "undue intrusion and harassment" if the Court of Appeals later determines that the §§ 6700 and 6701 penalties abate at death. For this reason, the Court concludes that the balance of hardships tips in Petitioners' favor.

Accordingly, Petitioners' motion for a stay of enforcement pending the appeal is hereby GRANTED.

SO ORDERED this 15th day of July, 2005.

*[signature: John C Coughenour]*
UNITED STATES DISTRICT JUDGE

---

[1] Although the Government points out that there is a general policy against interfering with "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference," *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (citation omitted), this principle is inapposite to the case at bar as this is a case involving assessment of penalties and not tax collection.

ORDER – 3